IRMA J. K. BROWN *et al.*, Plaintiffs-Appellants, *v.* MARCOR, INC. *et al.*, Defendants-Appellees.

(No. 56798; ▮▮▮▮▮▮▮▮▮

First District (5th Division)—September 28, 1973.

Pressman & Hartunian, of Chicago, for appellants.

Hopkins, Sutter, Owen, Mulroy & Davis, of Chicago, (Thomas R. Mulroy, John L. Conlon, and Richard Bromley, of counsel,) for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs here are retail credit purchasers who seek to recover for themselves, and for all other persons similarly situated, all finance charges collected by defendants on their revolving charge accounts through use of the previous-balance method of computation. The trial court dismissed their amended complaint on the ground that it failed to allege facts sufficient to state a cause of action.

On appeal, the sole question presented is whether the previous balance method of computing finance charges is permissible under the Retail Installment Sales Act (Ill. Rev. Stat. 1969, ch. 121½, par. 528).

The instant case was argued orally at the same time as *Johnson v. Sears Roebuck & Co.*, 14 Ill.App.3d 838, wherein Montgomery Ward & Co., Inc., was also a defendant. Contemporaneously with the filing of this opinion, we have filed an opinion in *Johnson* holding that the defendants' previous-balance plan is a method of computing finance charges on "all amounts unpaid thereunder from month to month" within the meaning of sec. 528 of ch. 121½ and was permissible thereunder.

The previous-balance method complained of by plaintiffs here is the same as that complained of by the plaintiffs in *Johnson*. In view thereof,

we·conclude that the trial court was correct in granting the motion to dismiss the amended complaint of plaintiffs here, and its judgment is affirmed.

Judgment affirmed.

ENGLISH and LORENZ, JJ., concur.